WILLOUGHBY & ASSOCIATES
ANTHONY WILLOUGHBY, ESQ. SBN 137503
200 Corporate Pointe, Suite 495
Culver City, CA 90230
Tel.: 310.642.0600
Fax.: 310.642.4710

Attorneys for Plaintiff,
LEAH HAWKINS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEAH HAWKINS, | Case No. |
| Plaintiff, | **CIVIL RIGHTS COMPLAINT** |
| v. | |
| DETECTIVE CHARLES HICKS, and DETECTIVE GERARDO VEJAR; DOES 1 through 30 inclusive, | PLAINTIFF DEMANDS TRIAL BY JURY |
| Defendants. | |

PLAINTIFF ALLEGES:

## I. INTRODUCTION

1. Plaintiff, LEAH HAWKINS (hereinafter referred to as "Plaintiff" or "Hawkins") brings this civil action seeking general and putative damages against DETECTIVE CHARLES HICKS (hereinafter referred to as "Hicks") and DETECTIVE GERARDO VEJAR (hereinafter referred to as "Vejar" or together as "Defendants") and DOES 1 through 30, for commencing an unlawful seizure of Ms. Hawkins at her home, a false arrest against Ms. Hawkins, AND for depriving Ms. Hawkins of Due Process.

2.	Defendants' actions violated Plaintiff's rights secured through the Fourth and Fourteenth Amendments in the United States Constitution and entitle Plaintiff to recover damages under the Federal Civil Rights Act, 42 U.S.C. §1983.

## II. JURISDICTION

3.	This action is brought pursuant 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§1331 and supplemental jurisdiction as to the state claims alleged herein, pursuant to 28 U.S.C. §1367(a). The Court has personal jurisdiction over the Defendants because the Defendants are residents of this district and Plaintiff has alleged that the acts complained of occurred in this district.

## III. VENUE

4.	Venue is proper in this district under 28 U.S.C. §1391 because Defendants operates and performs its official duties therein and because a substantial part of the events giving rise to the claims herein occurred in the City Of Los Angeles. The City of Los Angeles is in the Central District of California.

## IV. PARTIES

5.	Plaintiff, LEAH HAWKINS, is, and at all material times, a citizen of the United States and a resident of the State of California who was arrested on or about December 12, 2013, by LOS ANGELES POLICE DEPARTMENT, based on insufficient probable cause. Plaintiff was required to remain in custody without bail until her factual innocence was proven on October 29, 2015.

6.	Defendant Detective Charles Hicks was at all relevant times, a detective, employee, and agent of the Los Angeles Police Department. Defendant Detective Charles Hicks is sued individually and in his official capacity.

7.  Defendant Detective Gerardo Vejar was at all relevant times, a detective, employee, and agent of the Los Angeles Police Department. Defendant Detective Gerardo Vejar is sued individually and in his official capacity.

8.  Defendants DOES 1 through 30, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to plaintiff. When their true names and capacities are ascertained, plaintiff will amend this complaint by inserting their true names and capacities.

9.  At all material times referred to herein, the individual defendants and DOES 1 through 30, inclusive, were acting under the color of state law in the course and scope of their duties and functions as agents, servants, employees, and detectives of the Los Angeles Police Department ("LAPD") and otherwise performed and engaged in conduct incidental to the performance of their lawful functions and in the course of their duties. The Defendants were acting for and on behalf of the LAPD, Los Angeles District Attorney's Office, and the City of Los Angeles, at all times relevant with the power and authority vested in them as deputies, agents, and employees of the LAPD, Los Angeles District Attorney's Office, and City of Los Angeles, and incidental to the lawful pursuit of their duties as detectives, employees, and agents of the Los Angeles Police Department, Los Angeles District Attorney's Office, and City of Los Angeles. Each of these acts committed by the Defendants and complained of herein were taken, and each violation of plaintiff's rights occurred, under color of state law, the policies, practices, and/or customs of the LAPD and City of Los Angeles.

## V. FACTUAL ALLEGATIONS

10. Witness Gilbert Rodriquez testified that on or about Monday, January 13, 2013, he noticed a Silver Nissan which he believed to be abandoned. The following Friday, January 18, 2013, due to the barking of a dog, the trunk of the car was opened and a dead body was found inside.

11.     The Defendants stated in their Search Warrant and Affidavit ("Affidavit") that on January 18, 2013, the Defendants were notified of an unidentified body in the back of the Silver Nissan. Using what the Defendants describe in their Affidavit as "department resources," the Defendants determined that the murder of the person ("Decedent") found in the trunk had taken place on January 15, despite witness testimony that the car had been abandoned at the present location prior to that date. Using the same "department resources," the Defendants state they located a residence they believed to be the home of Plaintiff at 1304 West 2nd Street.

12.     The Defendants testified that the intensely gruesome murder, which involved multiple large deep gashes to the throat and head of the Decedent and the partial burning of the body of the Decedent, took place in the residence of the Plaintiff.

13.     The Property Manager for 1304 West 2nd Street, Grace Kim, stated in her testimony that the garage was swept twice a week with machine brushes. Despite this fact, the Defendants stated in the Affidavit that they found and collected from the garage what appeared to be dried blood upon visiting the location on April 24, 2013. This was a full three months after the discovery of the body, and despite what would have been well over 20 machine cleanings of the garage.

14.     In contrast to the Affidavit, in his testimony at trial, Detective Hicks stated that it was on or about April 24, 2013 that he visited the residence at 1304 West 2nd Street and photographed, not collected, what appeared to be dried blood. At this point, Detective Hicks did not inform the Los Angeles Police Department Special Investigation Department or take reasonable steps to preserve the alleged evidence.  Additionally, Detective Hicks was also unable to produce the alleged blood samples collected, or any alleged photographs taken on or before April 24, 2013.

15.     These facts alleged by the Defendants formed the basis for a search warrant executed on May 29, 2013, another month removed from the discovery of the body and 8 additional machine

cleanings of the garage. Mr. Ergon, a criminalist assigned to the investigation team, testified that no blood from the Decedent was found in the Plaintiff's apartment, in the hallways, or in the stairwell. He continued and testified that the blood stain matching the Decedent which was found in the garage during the execution of the May 29th search warrant was found by Detective Hicks, who then took the field investigation team to the location.

16. No blood evidence linking Plaintiff to the Decedent was discovered during the execution of the May 29, 2013 search warrant, because such evidence did not exist. The spot of blood belonging to Decedent which was found within the garage located at 1304 West 2nd Street only arrived there through the affirmative and deliberate actions of the Defendants in the course of their attempt to violate the rights of the Plaintiff and defraud the People.

17. In addition, as a result of the affirmative actions and false arrest, Defendants encouraged the Los Angeles District Attorney's Office into charging Plaintiff with the murder of the Decedent.

18. As a result of Defendants affirmative actions and sham investigation into the murder of the Descendant, Plaintiff was forced to remain in custody for six hundred eighty eight days (688).

19. Plaintiff was ultimately tried for the putative violation of Penal Code §187, §206 and §211. Her rightful innocence was proven on October 29, 2015.

20. During the course of Plaintiff's custody, she was deprived of her rights, including but not limited to, her right to bail, by and through the affirmative actions taken by Defendants who were acting under color of state law and authority granted by the City of Los Angeles.

///

///

///

## FIRST CAUSE OF ACTION
Fourth and Fourteenth Amendments; 42 U.S.C. § 1983
(Against all Defendants)

21. By this reference, Plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 42 of this Complaint as though fully set forth herein.

22. Defendants, acting under color of state law, have violated the rights of Plaintiff by committing the acts and omissions set forth above in violation of rights secured by the Fourth and Fourteenth Amendments in the U.S. Constitution when Defendants interfered with Plaintiffs' right to be free from seizure, absent probable cause, by Defendants. These acts constitute violations of Plaintiff's rights as guaranteed by the Fourth Amendment to the United State Constitution and made applicable to the states and local government by 42 U.S.C. §1983.

23. On or about December 12, 2013, in the City of Los Angeles, California, Defendants affirmative actions resulted in the unlawfully seizure of Plaintiff, without sufficient probable cause, a valid warrant, or any other legal process and took Plaintiff into custody against Plaintiff's will.

24. After arresting Plaintiff, Defendants affirmative actions brought Plaintiff to the Los Angeles Police Department located in Los Angeles, California where Plaintiff was detained until her release on October 29, 2015.

25. Plaintiff did not commit any unlawful offense.

26. Defendants authorized, encouraged, directed or assisted Defendants DOES 1 through 30, inclusive, to commit unlawful acts, procure an unlawful arrest without process, and participate in the unlawful arrest and prosecution of Plaintiff.

27. Plaintiff was deprived of her liberty for an appreciable amount of time as a result of actions taken by Defendants HICKS and VEJAR, and Defendants DOES 1 through 30, inclusive.

28. The restraint, detention, and confinement caused Plaintiff to suffer harm by unlawfully being deprived of her freedom from December 12, 2013 until she was proven innocent in a trial by jury and subsequently released on October 29, 2015.

29. As a direct and proximate cause of the acts alleged in this Complaint, Plaintiff suffered mental and physical anguish, anxiety, fear, depression, and embarrassment, all to her detriment in an amount to be determined at trial. Additionally, Plaintiff has suffered special damages in an amount to be ascertained according to proof and will suffer additional damages in an amount which has yet to be determined.

30. As a direct and proximate result of the above referenced unlawful and malicious abuse of Plaintiff by Defendants, committed under color of law and under each individual's authority as a detectives, Plaintiff suffered grievous harm and was deprived of her rights to be secure in her person against unreasonable seizure and the use of excessive force, in violation of Plaintiff's rights provided by the Fourth and Fourteenth Amendment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against all Defendants as follows:

1. General damages according to proof;
2. Special damages according to proof;
3. Attorneys' fees;
4. For interest as allowed by law;
5. Costs of suit incurred herein; and
6. For such other and further relief as the Court may deem proper.
7. Punitive damages in an amount appropriate to punish and deter others from engaging in similar misconduct.

## DEMAND FOR JURY TRIAL

Plaintiff HAWKINS hereby demands a trial by jury.

DATED: October 20, 2016

Respectfully Submitted,

WILLOUGHBY & ASSOCIATES

By: _____
ANTHONY WILLOUGHBY, ESQ.
Attorney for Plaintiff,
LEAH HAWKINS