1  **MICHAEL N. FEUER**, City Attorney (SBN 111529x)
2  **THOMAS H. PETERS**, Chief Assistant City Attorney (SBN 163388)
   **CORY M. BRENTE**, Supervising Assistant City Attorney (SBN 115453)
3  **ELIZABETH T. FITZGERALD**, Deputy City Attorney (SBN 158917)
   200 N. Main Street; 6th Floor, City Hall East
4  Los Angeles, CA 90012
   Email: Elizabeth.fitzgerald@lacity.org
5  Phone No.: (213) 978-7560, Fax No.: (213) 978-8785

6  *Attorneys for Defendant* **CHARLES HICKS and GERARDO VEJAR**

8  UNITED STATES DISTRICT COURT
9  CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEAH HAWKINS,<br><br>Plaintiff,<br><br>v.<br><br>DETECTIVE CHARLES HICKS, and DETECTIVE GERARDO VEJAR; DOES 1 through 30 inclusive,<br><br>Defendants. | CASE NO. CV16-07818JAK(AFMx)<br>*Honorable John A. Kronstadt*<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 2: TO EXCLUDE EVIDENCE OF OTHER LAWSUITS, POLICE PERSONNEL HISTORY, POLICE RELATED SCANDALS AND OTHER COMPLAINTS OR BAD ACTS**<br><br>[Filed with Defendants' Proposed Order Re: Motion in Limine No. 2]<br><br>**Final Pretrial Conference and Hearing on Motions in Limine Date: February 26, 2018, at 3:00 p.m.**<br><br>**Trial Date: March 13, 2018, at 9:00** a.m.<br>**Courtroom: 10-B** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

Please take notice that on February 26, 2018, at 3:00 p.m., in Courtroom 10-B, 10th Floor, at the 1st Street Courthouse, *Defendants* **CHARLES HICKS** and **GERARDO VEJAR** will appear before this Honorable Court to move this court in limine to exclude evidence of other lawsuits, police officer personnel

1

history, complaints against any police officers, any bad acts or "scandals" involving police officers and agencies, including but not limited to the Rampart scandal, the Rodney King incident, the May Day incident, the "Consent Decree," and any national incident involving alleged police misconduct.

This motion is made on the following grounds:

1. Evidence of such unrelated incidents constitutes impermissible character evidence; and

2. Unrelated incidents are not relevant to whether defendant' conduct was lawful, and will be unduly prejudicial, cause confusion to the jury and will consume unnecessary time.

This motion is based on this Notice, the attached Memorandum of Points and Authorities, the [proposed] order, the complete files and records of this action, and such further oral and/or documentary evidence as may be presented at the time of the hearing.

This motion is made following the conference of counsel on February 2 2018, pursuant to Local Rule 7-3.

Dated: February 12, 2018

        Respectfully submitted,

        **MICHAEL N. FEUER**, City Attorney
        **THOMAS H. PETERS**, Chief Assistant City Attorney
        **CORY M. BRENTE**, Supervising Assist. City Attorney

        By: /S/ *Elizabeth T. Fitzgerald* .
            **ELIZABETH T. FITZGERALD**.
            Deputy City Attorney

        *Attorneys for Defendants* **CHARLES HICKS and GERARDO VEJAR**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION

Defendants anticipate that Plaintiff may make mention at trial of unrelated lawsuits, personnel actions and complaints against Hicks and Vejar or other LAPD officers, as well as prior bad acts and "scandal" involving LAPD and its officers and other police agencies and officers to prejudice the defense. Defendants also believe Plaintiff intends to question defendants about their personnel and complaint history. None of this information is relevant to whether defendants acted reasonably and constitutionally. Further, such evidence would amount to impermissible character evidence, and evidence which is unduly prejudicial, confusing, time consuming, and irrelevant.

## II.     FACTUAL BACKGROUND

On January 18, 2013, a dead body was found inside the trunk of an abandoned car. Los Angeles Police Department Detectives Charles Hicks and Gerardo Vejar were assigned to investigate the gruesome murder, which involved multiple gashes to the head from apparent infliction of torture and partial burning of the body.

The detectives identified the victim as Dion Shiver and went to the apartment where he lived. They found no evidence of foul play but did find evidence that Shiver was dealing marijuana and that his supply of marijuana had been stolen. Shiver's cell phone records showed that on the night he was murdered, the last person he called was Leah Hawkins. The detectives learned that Shiver had recently met Hawkins at a club where she worked as a dancer, and that he had introduced Hawkins to a few of his friends, and that two may have been romantically involved. Both Hawkins' cell phone and the cell phone of David Batts "pinged" to cell towers near the location where Leah Hawkins lived on the night of Shivers' murder.

///

1  The detectives went to Hawkins' apartment complex at 1304 W. 2nd Street.
2 There they observed a blood spot on the garage floor. They collected the blood,
3 photographed it and booked it into evidence.
4  They then obtained a search warrant for Hawkins' apartment. On May 29,
5 2013, the search warrant was served. Detectives found letters written from prison
6 by a person named David Batts (Hawkins' boyfriend) when they searched her
7 apartment. They also found some ammunition and a fake Rolex watch and Hermes
8 and YSL belt buckles. Shivers' relatives identified the Rolex watch and belt
9 buckles as belonging to Shivers and detectives determined that these items were
10 missing from Shivers' apartment.
11  Hawkins was arrested the day the detectives served the warrant. She was
12 transported to the station and booked. She refused to talk, demanded an attorney
13 and was released.
14  The blood from the garage floor of Hawkins' apartment building was
15 analyzed, revealing that the blood was that of Dion Shivers. LAPD's Scientific
16 Investigation Division ("SID") went to the location where the blood had been
17 collected, and   observed that blood still remained on the floor -- nine months
18 later. SID photographed the stains.
19  Detectives presented the case to the District Attorney's office. The District
20 Attorney then filed the criminal complaint and arrest warrants issued for both Batts
21 and Hawkins on December 9, 2013. Batts was arrested and denied ever being at
22 Hawkins' residence on the day Shivers was killed despite his cell phone having
23 been pinged there. Hawkins was arrested on December 12, 2013.
24  Plaintiff was held to answer on June 12, 2014. The prosecutor's theory of
25 the case was that Hawkins and Batts committed a robbery, that Batts tortured
26 Shivers, possibly out of jealousy over Hawkins, and that Batts murdered Shivers.
27 Plaintiff remained in custody 688 days. A jury trial took place and on October 29,
28 2015, Hawkins and Batts were acquitted.

III. **EVIDENCE OF UNRELATED POLICE LAWSUITS, OFFICER PERSONNEL HISTORY, COMPLAINTS AND "SCANDALS" SHOULD BE EXCLUDED UNDER FEDERAL RULE OF EVIDENCE 404**

Under 404(b) of the Federal Rules of Evidence, other lawsuits against police officers and agencies, police officer personnel history, complaints against any police officers, and any bad acts or "scandals" involving police officers and agencies cannot be used to prove "conduct in conformity with character," intent, or a common pattern in this case.

Rule 404(b) provides:

"[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action and conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan knowledge, identity, or absences of mistake or accident…"

The Ninth Circuit has held that evidence of prior acts of a defendant police officer in a civil rights action is inadmissible. *Gates v. Rivera,* 993 F.2d 697, 700 (9th Cir. 1993). In *Gates*, the defendant police officer, Rivera, was allowed to testify that in his 16 ½ years as a police officer, he had not shot anyone and that he had never before discharged his weapon. *Id.* at 700. The Appellate Court noted that such evidence was not admissible in a civil rights action under Federal Rules of Evidence 404 because it was irrelevant since intent was not an issue in a case alleging excessive force. *Id.* Rather the question to be resolved is whether objectively, the officer's use of force is reasonable. *Id.*

///
///
///

1  Other circuits are in accord. In *Morgan v. City Marmaduke, Ark.* The 8th
2  Circuit Court concluded:

> "In any event, issues of motive and intent are especially Irrelevant in [excessive force cases]. A test "in an excessive force case is an objective one." [citation omitted]. Thus, "an officer's evil intentions will make a 4th Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional."

*Morgan v. City Marmaduke, Ark.*, 958 F.2d 207, 212 (8th Cir. 1992), citing *Graham v.Connor*, 490 U.S. 386, 397, 109 Sup. Ct. 1865, 104 L.E.2d 443 (1989). Further in *Berkovich v. Hicks*, 922 F.2d 1018 (2nd. Cir. 1991), the Second Circuit affirmed the trial court's decision to exclude evidence of prior complaints against a police officer.

The court held the Plaintiffs' attempt to introduce evidence of prior complaints "amounts to no more than a veiled attempt to do what Rule 404(b) expressly prohibits – introducing evidence of bad acts to show the defendants' propensity to commit such acts." *Id* at 1022. See also, *Hopson v. Frederickson*, 961 F.2d 1374, 1379 (8th Cir 1992) (evidence of prior internal police investigations not admissible at trial).

Thus, any attempt to introduce evidence of lawsuits, personnel complaints, other incidents of alleged misconduct or reference to police "scandals" for the purpose of establishing "conduct in conformity with character" must be precluded by this Court.

///
///
///
///

6

1     This type of evidence is irrelevant and clearly prohibited by Rule 404(b).

2 **IV. OTHER INSTANCES OF ALLEGED MISCONDUCT IS NOT**
3     **"HABIT" EVIDENCE**

4     Finally, Plaintiffs may also argue that prior acts of individual officers are
5 relevant to show habit under Federal Rule of Evidence 406. Rule 406 provides:

6     "[e]vidence of the habit of a person or the routine practice
7     of an organization, whether corroborated or not and
8     regardless of the presence of eyewitnesses is relevant to
9     prove that the conduct of the person or organization on a
10     particular occasion was in conformity with the habit or
11     routine practice."

12     In the Advisory Committee's notes pertaining to Rule 406, commentators
13 discuss "habit" as follows:

14     "…Rule [406] is consistent with prevailing views. Much
15     evidence is excluded simply because of failure to achieve the
16     status of habit. Thus, evidence of intemperate "habits" is
17     generally excluded when offered as proof of drunkenness in
18     accident cases, annote. 46 A.L.R.2d 103 and *evidence of other*
19     *assaults is inadmissible to prove the instant one in a civil*
20     *assault action,* annote., 66 A.L.R.2d 806." (Emphasis added).

21     In the present case, there is no evidence that Officer Douglas Johnson
22 *always* acted according to the allegations in Plaintiff's Complaint. Moreover, any
23 unrelated personnel complaints, LAPD "scandals", lawsuits, arrests or any other
24 incidents of alleged misconduct against any officer simply would not meet the
25 "invariable regularity requirements" in Evidence Rule 406 to establish habit.
26 Such conduct would more properly be characterized as "volitional" rather than
27 "habitual" and therefore would not fall within the ambit of Rule 406.
28 Accordingly, reference to such conduct must be excluded from this trial.

# V. EVIDENCE OF OTHER BAD ACTS SHOULD BE EXCLUDED UNDER FEDERAL RULE OF EVIDENCE 403

The introduction of bad acts and/or misconduct regarding any officers will result in an inefficient use of this Court's time. Allowing this type of irrelevant information before the jury will only create mini-trials within a trial, that will greatly prejudice defendants, confuse the jury, waste Court resources, and prolong the trial needlessly. Therefore, such evidence should be excluded under Federal Rule of Evidence 403.

# VI. CONCLUSION

For the foregoing reasons, defendants respectfully request that this Court preclude Plaintiff from introducing any evidence or making any reference to other lawsuits against police officers and agencies, police officer personnel history, complaints against any police officers, and any bad acts or "scandals" involving police officers and agencies including but not limited to the Rampart scandal, the Rodney King incident, the May Day incident, the "Consent Decree," any national case involving alleged misconduct by police.

Dated: February 12, 2018

Respectfully submitted,

**MICHAEL N. FEUER**, City Attorney
**THOMAS H. PETERS**, Chief Assistant City Attorney
**CORY M. BRENTE**, Supervising Assist. City Attorney

By: /S/*Elizabeth T. Fitzgerald*
ELIZABETH T. FITZGERALD.
Deputy City Attorney

*Attorneys for Defendants* **CHARLES HICKS and GERARDO VEJAR**

8